a waiver of his possession could have been inferred.  Rev. Sts.
c. 107, § 1.  *Raymond* v. *Raymond*, 7 Cush. 605.  *Swift* v. *Mendall*, 8 Cush. 357.  *Bennett* v. *Conant*, 10 Cush. 163.  *Palmer* v.
*Fowley*, 5 Gray, 545.                          *Bill dismissed.*

## JOHN Q. ADAMS *vs.* GEORGE W. BOURNE.

One who uses a carriage, hired in his name by another without previous authority or subse-
quent ratification, without reasonable cause to believe that the carriage was hired on his
account, or that he was looked to for pay for its use, is not liable for its use, although the
owner had no notice that the hirer procured it on his own account.

ACTION OF CONTRACT by the keeper of a livery stable for the
use of a carriage and harness.  At the trial in the court of com-
mon pleas the plaintiff introduced evidence tending to show
that the carriage and harness were procured of him by one
Mayo on account of the defendant, and were used by Mayo
with a horse of the defendant in building and repairing houses
for the defendant, and once by the defendant and once by his
wife in his absence.  The defendant introduced evidence tend-
ing to show that whatever Mayo did for him was done under
special directions, and that he was not his general agent; that
the plaintiff did not believe at the time of letting the carriage
and harness to Mayo that he had any authority to hire them on
the defendant's account; and that the defendant did not know
that they were procured on his account until after they had
been used as aforesaid.

The plaintiff contended, 1st, "that if Mayo was the general
agent of the defendant, and procured said carriage and harness
of the plaintiff on the defendant's account for any purpose
within the general scope of his authority as such agent, the
plaintiff was entitled to recover for the use thereof."  2d.  " That
if Mayo was in the service of the defendant, and procured said
carriage and harness of the plaintiff on the defendant's account.
and used them in the defendant's business, and they were used
by the servants or family of the defendant, or by the defendant

himself, the defendant was liable to pay for the use thereof, unless the plaintiff had notice that Mayo procured them on his own account."

*Aiken,* J. gave the first instruction requested, and declined to give the second; and also instructed the jury as to the distinction between general agents and special agents for particular transactions in a manner not excepted to; and "that they might find the defendant liable in this case, if he had given Mayo a previous authority to hire a carriage, or if such hiring came within the scope of Mayo's authority as agent or servant of the defendant, or if the defendant had subsequently ratified the act of hiring by Mayo; that the use of the carriage by the defendant or by his wife or servants would not necessarily render the defendant liable; but if Mayo was in the service of the defendant, and procured the carriage on the defendant's account, and used it in the defendant's business, and it was also used by the defendant himself or his wife or servants, as proved in this case, they might find a verdict for the plaintiff, if the defendant had reasonable cause to believe that the carriage was hired on his account, or that he was looked to for pay for the use of the carriage." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. F. Slocum,* for the plaintiff, cited 2 Selw. N. P. 1120; *Precious* v. *Able,* 1 Esp. R. 353; *Pickering* v. *Busk,* 15 East, 38; *Rimmell* v. *Sampays,* 1 Car. & P. 254; *Lobdell* v. *Baker,* 1 Met. 202, 203; 2 Kent Com. (6th ed.) 614.

The defendant submitted the case without argument.

THE COURT *Overruled the exceptions.*